**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv413**

| | |
|---|---|
| KEENYA T. JUSTICE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | MEMORANDUM |
| ) | OF DECISION |
| JAMIE DIMON; DAVE B. LOWMAN; ) | |
| and JPMORGAN CHASE & CO., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss and plaintiff's Motion for Default Judgment. While plaintiff is representing herself, it appears that she is an attorney licensed to practice law in the State of North Carolina. Defendants filed their motion on September 20, 2010, making plaintiff's response due to be filed not later than October 7, 2010. Rather than file a response, plaintiff filed a Motion for Default Judgment as to Count I of her Complaint, claiming that the corporate defendant failed to file a responsive pleading to that claim. Defendants timely filed a response to the plaintiff's motion. Having considered defendants' motion and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.      Background**

The factual basis of this removed diversity action is straightforward: plaintiff contends that she is the third-party beneficiary of an agreement purportedly entered into by the corporate defendant and a home loan advocacy group, the Neighborhood Assistance Corporation of America (hereinafter "NACA"). She contends that under the terms of the purported agreement, the corporate defendant was obligated to perform a number of tasks,

including modifying her mortgage loan, but that the corporate defendant failed to perform those contractual obligations.[1] As a result of the purported breach of the agreement, plaintiff contends she was unable to modify her mortgage loan, her "peace of mind has been disturbed," and she has "suffered stress of the body and mind" and "emotional distress and mental anguish," for which, she claims, all defendants should be held liable.

## II. Plaintiff's Claims and Defendants' Motion to Dismiss

In Count I of her Complaint, plaintiff claims she was an intended third-party beneficiary of the agreement with NACA and that she should, therefore, be allowed to recover for its alleged breach. In moving to dismiss such claim under Rule 12(b)(6), Federal Rules of Civil Procedure, the individual defendants contend that plaintiff has failed to state a claim against them because plaintiff has not alleged that either individual defendant was a party to the purported agreement, and therefore, they may not be held liable for its alleged breach.

In Count II of her Complaint, plaintiff claims she has suffered infliction of emotional distress by defendants, although it is unclear whether she is seeking to recover for intentional infliction of emotional distress ("IIED") or negligent infliction of emotional distress ("NIED"). In moving to dismiss Count II, defendants contend that plaintiff fails to state a claim upon which relief can be granted under North Carlina law, as follows:

(1) when construed as an IIED claim, defendants contend that plaintiff has failed to allege: (a) conduct that is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (b) that defendants

---

[1] The individual defendants appear to be corporate officers, who plaintiff contends should be held liable for the corporation's breach of the agreement because they are corporate officers.

intended to cause her severe emotional distress; and (c) that she actually suffered severe emotional distress; and

(2) when construed as an NIED claim, defendants contend that plaintiff has failed to allege: (a) any negligent conduct by any of the defendants; and (b) that she suffers from severe emotional distress.

### III. Plaintiff's Motion for Default Judgment

Plaintiff's motion for default judgment is premised on the fact that in moving to dismiss Count I, defendants only moved to dismiss such count as to the individual defendants and neither answered nor moved to dismiss such claim as to the corporate defendant.

Plaintiff's motion is not supported by any citation of law, and appears to be contrary to well established rules as well as case law. First, a motion for default judgment is inappropriate where a party does not first seek entry of default. Fed.R.Civ.P. 55(a). Second, Rule 12(a) provides that "[u]nless another time is specified by this rule or a federal statute," a defendant must serve an answer "within 21 days after being served with the summons and complaint." The rule goes on to provide that "[u]nless the court sets a different time, serving a motion under this rule alters these periods as follows: if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Clearly, the rules contemplate that any motion under Rule 12, whether it is to dismiss the entire Complaint or only portions of the Complaint, suspends the time for the moving defendant to respond to the remainder of the Complaint.

In this case, the individual defendants have moved to dismiss the Complaint in its entirety while the corporate defendant has moved to dismiss only Count II. No answer by the corporate defendant is required until, as the rule contemplates, the court decides the motion to dismiss, be it a partial or complete motion. The reason for this is plain: if the court

were to deny the Motion to Dismiss, defendants would be obligated to answer the Complaint in its entirety. This system of case management leads to the orderly disposition of cases by culling impotent claims from the docket and streamlining the pleading process. As the district court stated in Godlewski v. Affiliated Computer Services, Inc., 210 F.R.D. 571, 572 (E.D.Va. 2002):

> A majority of courts, however, hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.

Id., at 572. The court in Godlewski further held that "if the courts require a defendant to answer in "piecemeal fashion," a "procedural thicket would emerge ...." Id. (citation omitted). The reasoning of court in Godlewski is consistent with the majority view and compelling, and this court will also find that the filing a motion to dismiss less than all of the claims in a complaint suspends the time to respond to the entire complaint as contemplated in Rule 12(a). Plaintiff's motion will, therefore, be denied.

**IV.    Standard Applicable to Defendants' Rule 12(b)(6) Motion to Dismiss and a Pro Se Plaintiff**

**A.    Rule 12(b)(6) Standard**

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading

were to deny the Motion to Dismiss, defendants would be obligated to answer the Complaint in its entirety. This system of case management leads to the orderly disposition of cases by culling impotent claims from the docket and streamlining the pleading process. As the district court stated in Godlewski v. Affiliated Computer Services, Inc., 210 F.R.D. 571, 572 (E.D.Va. 2002):

> A majority of courts, however, hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.

Id., at 572. The court in Godlewski further held that "if the courts require a defendant to answer in "piecemeal fashion," a "procedural thicket would emerge ...." Id. (citation omitted). The reasoning of court in Godlewski is consistent with the majority view and compelling, and this court will also find that the filing a motion to dismiss less than all of the claims in a complaint suspends the time to respond to the entire complaint as contemplated in Rule 12(a). Plaintiff's motion will, therefore, be denied.

**IV.    Standard Applicable to Defendants' Rule 12(b)(6) Motion to Dismiss and a Pro Se Plaintiff**

**A.    Rule 12(b)(6) Standard**

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading

were to deny the Motion to Dismiss, defendants would be obligated to answer the Complaint in its entirety. This system of case management leads to the orderly disposition of cases by culling impotent claims from the docket and streamlining the pleading process. As the district court stated in Godlewski v. Affiliated Computer Services, Inc., 210 F.R.D. 571, 572 (E.D.Va. 2002):

> A majority of courts, however, hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.

Id., at 572. The court in Godlewski further held that "if the courts require a defendant to answer in "piecemeal fashion," a "procedural thicket would emerge ...." Id. (citation omitted). The reasoning of court in Godlewski is consistent with the majority view and compelling, and this court will also find that the filing a motion to dismiss less than all of the claims in a complaint suspends the time to respond to the entire complaint as contemplated in Rule 12(a). Plaintiff's motion will, therefore, be denied.

**IV.    Standard Applicable to Defendants' Rule 12(b)(6) Motion to Dismiss and a Pro Se Plaintiff**

**A.    Rule 12(b)(6) Standard**

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading

to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

### B. *Pro Se* Complaints

Although district courts must liberally construe *pro se* complaints, courts cannot act as the *pro se* plaintiff's advocate and cannot develop claims which the plaintiff failed to clearly raise on the face of the Complaint. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the

pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of Twombly and Bass, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice.

**V.   Discussion of the Motion to Dismiss**

   **A.   Individual Defendants' Motion to Dismiss Count I**

In her Complaint, plaintiff alleges that defendant Jamie Dimon is the corporate defendant's chief executive officer and the chairman of its board of directors and that defendant Dave Lowman is its chief executive officer of home lending. "To assert a claim for breach of contract, the plaintiff must show that she is either a party to the contract or a third-party beneficiary of the contract." Holshouser v. Shaner Hotel Group Props. One Limited P'ship, 134 N.C. App. 391, 399(1999), *aff'd per curiam*, 351 N.C. 330 (2000).

In Count I of her Complaint, plaintiff seeks to recover for the corporate defendant's alleged breach of a purported contract between the corporate defendant and the NACA based on her contention that she was a third-party beneficiary of that alleged contract. Under the third-party beneficiary doctrine, she can recover for a breach of contract of others only if she can demonstrate: (1) the existence of a contract between two other persons; (2) that the contract was valid and enforceable; and (3) that the contract was entered into for her direct benefit. Id., 134 N.C. App. at 399-400. Only a "direct beneficiary" of a contract—as opposed to an "incidental beneficiary" of a contract—may pursue a third-party beneficiary

claim.

Plaintiff's claim fails as she has not plausibly alleged that a contract existed between the individual defendants and NACA. Breach of contract can not be asserted against a person who was not party to the contract sought to be enforced. Canady v. Mann, 107 N.C. App. 252, 259 (1992). Even if the court were to assume that these individual defendants signed the contract, an officer who signs a contract on behalf of a corporation is not personally liable for the contract's breach:

> [w]hen a corporate officer acts as an agent for the corporation and enters into a contract with a third party, providing notice that he is acting as the agent for the corporation, the corporate officer is not personally liable for corporation obligations arising from the contract.

DeWitt v. Hutchins, 309 F. Supp. 2d 743, 752 (M.D.N.C. 2004). Indeed, the Complaint lacks any allegation that the individual defendants signed any agreement.

Finding that plaintiff has failed to state a cause of action for breach of contract against the individual defendants, Count I of the Complaint will be dismissed as to those defendants.

### B. All Defendants' Motion to Dismiss Plaintiff's IIED/NIED claims

#### 1. IIED Claim

All defendants have moved to dismiss plaintiff's claim of intentional infliction of emotional distress. The elements of that tort are "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." Hogan v. Forsyth Country Club, 79 N.C. App. 483, 488, disc. rev. denied, 317 N.C. 334 (1986). "It is a question of law for the court to determine, from the materials before it, whether the conduct complained of may reasonably be found to be sufficiently outrageous as to permit recovery." Id., at 490.

For purposes of ruling on defendant's motion, the court has taken all the allegations

of the Complaint as true. Even if the court were to consider all allegations as true, they do not "exceed all bounds of decency," West v. King's Dep't Store, Inc., 365 S.E.2d 621, 625 (N.C. 1988), and cannot be "'regarded as atrocious, and utterly intolerable in a civilized community.'" Wagoner v. Elkin City School Bd. of Educ., 440 S.E.2d 119, 123 (N.C. Ct. App. 1994) (citation omitted). Thus, plaintiff has not plausibly alleged an IIED claim.

The initial inquiry made by North Carolina courts is whether the alleged conduct is "extreme and outrageous." This is a question of law for the court. Johnson v. Bollinger, 86 N.C. App. 1, 6 (1987). In that analysis, under North Carolina law:

> [l]iability has only been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. The liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. . . . [P]laintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.

Briggs v. Rosenthal, 73 N.C. App. 672, 327 S.E.2d 308 (1985) (*quoting* The Restatement of Torts). Where a plaintiff's complaint fails to allege facts sufficient to set forth extreme and outrageous conduct, the IIED claim is subject to dismissal pursuant to Rule 12(b)(6). Johnson, supra, at 6.

In Hogan, wherein a defendant threatened plaintiff with bodily injury and advanced on her with a knife after she refused his sexual advances, the appellate court found that plaintiff had stated a cause of action and that defendant's conduct was "beyond the `bounds usually tolerated by decent society.'" Hogan v. Forsyth Country Club Co., supra, at 491. The conduct allged in this case does even come close to the conduct envisioned by the common law of North Carolina. Indeed, the only factual allegations in the Complaint concerning Defendant Dimon's conduct are the following:

> Defendant Jamie Dimon (hereinafter "Defendant DIMON") is the Chief Executive Officer (hereinafter "CEO") and Chairman of Defendant CHASE and is responsible for, inter alia, guiding employees and other executive officers towards the company's central goals and objectives.

Complaint, ¶ 19. Such conduct does not amount to the conduct envisioned by Hogan. Plaintiff's allegations as to Defendant Lowman's conduct is equally benign as it appears that plaintiff is alleging that such defendant testified before Congress and then "ran away" when confronted by *other* members of the NACA on Capitol Hill and the police were called. Id., ¶¶ 20-22. As to the corporate defendant, the thrust of the allegedly wrongful conduct was that the corporation failed to honor its agreement with NACA.

Because none of the alleged conduct could plausibly be the basis for finding of conduct beyond the bounds usually tolerated by decent society, Hogan v. Forsyth Country Club Co., supra, the court will dismiss plaintiff's IIED claim.[2]

**2.    NIED Claim**

In construing the Complaint in a light most favorable to plaintiff, it appears that she may be contending that these same alleged acts of defendants amounted to negligent infliction of emotional distress. The elements of an NIED claim include the following:

1. the defendant negligently engaged in conduct;

2. it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress or mental anguish; and

3. the conduct did in fact cause the plaintiff severe emotional distress.

---

[2]    Plaintiff has also failed to allege facts sufficient to show that defendants' conduct was done with the intention of causing *her* emotional distress or with reckless indifference to the likelihood that emotional distress may result. Further, she has failed to allege "severe emotional distress" as required by North Carolina law, see *Johnson v. Ruark Obstetrics & Gynecology Assoc., P.A.*, 327 N.C. 283, 304 (1990), *reh'g denied*, 327 N.C. 644 (1990), as she has failed to allege that she suffers from a severe and disabling emotional or mental disorder or condition recognized and diagnosed by professionals trained to do so. *Waddle v. Sparks*, 331 N.C. 73, 83, (1992).

Pardasani v. Rack Room Shoes. Inc., 912 F. Supp. 187, 192 (M.D.N.C. 1996).  Plaintiff has failed to allege that any defendant owed her any recognized duty of care or that they acted in a negligent manner in executing any duty.

Review of applicable decisions reveals that this manner of pleading negligent infliction has long been held to be insufficient:

> The district court likewise dismissed Mitchell's negligent infliction of emotional distress claim after holding that this tort requires a showing of outrageous conduct.  We decline to review that holding because we believe the negligent infliction claim should have been dismissed for a more basic reason: Mitchell's complaint does not allege any negligent acts by Lydall.  See Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 395 S.E.2d 85, 97 (N.C.1990) ("to state a claim for negligent infliction of emotional distress, a plaintiff must allege that (1) the defendant negligently engaged in conduct, . . .").  Mitchell's complaint contains merely a single, conclusory allegation that Lydall was negligent; the material factual allegations charge nothing but intentional acts by Lydall in failing to accommodate Mitchell's MS condition and in discharging him.  Taking these material factual allegations as true and construing them in the light most favorable to Mitchell . . . we must conclude that they do not state a claim for negligent infliction of emotional distress.

Mitchell v. Lydall, Inc., 1994 WL 38703, *3 (4th Cir. Feb. 10, 1994).[3]  A claim for *negligent* infliction of emotional distress is, therefore, subject to dismissal when "the material factual allegations charge nothing but intentional acts . . . ."  Id.

As discussed above, plaintiff takes issue with how Defendant Dimon ran the company and how Defendant Lowman testified before Congress, as well as how he allegedly responded when confronted by members of NACA on Capitol Hill.  Plaintiff's allegation that Defendant Lowman violated a lender's obligation to act in good faith under North Carolina law is unavailing on its face because it has not been plausibly alleged that such individual defendant was her lender.  Such allegations are an insufficient factual foundation for an

---

[3]  Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

NIED claim against such individual defendants.

Finally, as to the corporate defendant, plaintiff apparently bases her NIED claim on an allegation that it failed to refinance her home loan based on a contractual obligation it had with the NACA. Plaintiff has, however, twice alleged that the corporate defendant "willfully and maliciously failed to perform" "pursuant to the terms of the Agreement with NACA." Complaint, ¶¶ 71, 72. While the court recognizes that pleading matters in the alternative is permissible, Fed.R.Civ.P. 8(a)(3), simply re-labeling conduct that is intentional as negligent will not suffice without a plausible factual foundation, as Honorable Richard L. Voorhees, United States District Judge, recently held: "basing a claim upon intentional conduct and simply labeling it as negligent is untenable as an attempt to state a cause of action for negligence." Riepe v. Sarstedt, Inc., 2010 WL 3326691, *4 (W.D.N.C. Aug. 23, 2010).[4] Finding that plaintiff has failed to state a claim against the corporate defendant, the court will dismiss the NIED claim as to the corporate defendant as well.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (#6) is **ALLOWED**, plaintiff's Motion for Default Judgment (#9) is **DENIED,** and

(1) Counts I and II are **DISMISSED** as to the individual defendants;

(2) Count II is further **DISMISSED** as to the corporate defendant; and

(3) the corporate defendant shall file its Answer or other responsive pleading to the remainder of the Complaint within 14 days of the filing of this Order.

---

[4] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

Signed: June 6, 2011

Max O. Cogburn Jr.
United States District Judge