# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:10cv413

| | |
|---|---|
| KEENYA T. JUSTICE, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| Vs. | )       ORDER |
| | ) |
| JPMORGAN CHASE & CO., | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**THIS MATTER** is before the court on defendant's Motion for Summary Judgment (#16) filed June 4, 2012. Plaintiff's response was due to be filed not later than June 21, 2012, as provided in Local Civil Rule 7.1 and as noted on the court's docket. See Docket Entry (#16). Although plaintiff is representing herself, it appears that she is an attorney licensed to practice law in the State of North Carolina and is receiving electronic case filing ("ECF") notifications. While the notice requirements of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) are inapplicable to an attorney proceeding *pro se*, plaintiff is cautioned that where the moving party has come forward and shown that no genuine issues of fact remain for trial, she must come forward and show that issues are in dispute by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1) (see also Rule 56(c)(2)). Having initially considered defendant's motion and reviewed the pleadings, the court will calendar the motion for oral arguments on

-1-

July 26, 2012, at 10 a.m.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Summary Judgment (#16) is **CALENDARED** for hearing July 26, 2012, at 10 a.m.

Signed: June 25, 2012

Max O. Cogburn Jr.
United States District Judge